UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTAL STOYKE,
    Plaintiff,

v.

MIDLAND FUNDING, LLC,
a Delaware company, and
LAW OFFICES OF MICHAEL R. STILLMAN, P.C.,
a Michigan corporation,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Christal Stoyke, through counsel, Michigan Consumer Credit Lawyers, state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff is a natural person residing in Battle Creek, Calhoun County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the term is defined and or used in the MCPA and MOC.

5. The Defendants to this lawsuit are:

   a. Midland Funding, LLC ("Midland Funding"), which is a Delaware company that maintains a registered agent in East Lansing, Ingham County, Michigan; and

   b. Law Offices of Michael R. Stillman, P.C., ("Stillman"), which is a Michigan corporation that maintains its registered offices in Farmington Hills, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Calhoun County, Michigan.

7. Venue is proper in the Western District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendants are attempting to collect a consumer type debt allegedly owed by Plaintiff to Chase Bank with an account number ending in -1579 in the amount of approximately $5,071.08 (the "Debt").

9. On July 21, 2006, Ms. Styoke filed Chapter 7 Bankruptcy. She included the alleged Debt in her bankruptcy filing.

10. On November 1, 2006, Ms. Stoyke's Chapter 7 Bankruptcy was discharged.

11. In 2012, Defendant Stillman, representing Midland Funding, filed a lawsuit against Ms. Stoyke over the alleged Debt which is the subject of this lawsuit. The case number is 12-8938-GC ("Case A").

12. On or about January 29, 2013, Ms. Stoyke's bankruptcy attorney sent Defendant Stillman a letter requesting that Case A be dismissed since the alleged Debt was included in her bankruptcy filing.

13. Later, Case A was stayed due to Ms. Stoyke's bankruptcy filing.

14. However, in 2015, Defendant Stillman, representing Midland Funding, filed another lawsuit against Ms. Stoyke regarding the same alleged Debt. The case number is 15-7392-GC ("Case B").

15. On March 9, 2016, Defendant Stillman, representing Defendant Midland, obtained a Judgment against Plaintiff in Case B.

16. On October 19, 2016, Defendant Stillman, representing Defendant Midland, filed a Tax Garnishment against Plaintiff in Case B.

17. On or about December 14, 2016, Ms. Stoyke's bankruptcy attorney sent Defendant Stillman another letter, this time regarding Case B. In this letter, Ms. Stoyke's bankruptcy attorney referenced his letter he sent it dated January 29, 2013 and he requested that Stillman dismiss its Request and Writ for Garnishment Case B.

18. To date, Defendant Stillman, representing Defendant Midland has not dismissed its Request and Writ for Garnishment against Ms. Stoyke.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT AS TO MIDLAND FUNDING

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

22. Defendant is a "debt collector" under the FDCPA.

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt.  Defendant did this when it continued to collect an alleged Debt that Ms. Stoyke did not owe and filed a request for a tax garnishment against her.

   b. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant did this when it filed a request for a tax garnishment against Ms. Stoyke over the Debt that was discharged in her bankruptcy filing.

24. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE AS TO MIDLAND FUNDING

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy;

    b. MCL §339.915(f)(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy;

    c. MCL §339.915(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy; and

    d. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.

# COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT AS TO MIDLAND FUNDING

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy;

   b. MCL §445.252(f)(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy;

   c. MCL §445.252(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant did this when it filed lawsuits against

      Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy; and

    d. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

## COUNT IV - FAIR DEBT COLLECTION PRACTICES ACT AS TO STILLMAN

37. Plaintiff reincorporates the preceding allegations by reference.

38. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

39. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

40. Defendant is a "debt collector" under the FDCPA.

41. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant did this when it continued to

  collect an alleged Debt that Ms. Stoyke did not owe and filed a request for a tax garnishment against her.

 b. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant did this when it filed a request for a tax garnishment against Ms. Stoyke over the Debt that was discharged in her bankruptcy filing.

42. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT V - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE AS TO STILLMAN

43. Plaintiff incorporates the preceding allegations by reference.

44. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

45. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

46. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy;

    b. MCL §339.915(f)(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy;

    c. MCL §339.915(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy; and

    d. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

47. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

48. These violations of the Michigan Occupational Code were willful.

# COUNT VI - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT AS TO STILLMAN

49. Plaintiff incorporates the preceding allegations by reference.

50. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

51. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

52. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy;

    b. MCL §445.252(f)(i) by misrepresenting the legal status of a legal action being taken or threatened. Defendant did this when it filed lawsuits against Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy;

    c. MCL §445.252(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant did this when it filed lawsuits against

    Ms. Stoyke to collect the Debt even though the Debt was discharged in her bankruptcy; and

   d. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

53. Plaintiff has suffered damages as a result of these violations of the MCPA.

54. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the defendant:

  a. Actual damages.

  b. Statutory damages.

  c. Treble damages.

  d. Statutory costs and attorney fees.

        Respectfully submitted,

        /s/ Gary Nitzkin
        GARY D. NITZKIN (P41155)
        TRAVIS SHACKELFORD (P68710)
        MICHIGAN CONSUMER CREDIT LAWYERS
        Attorneys for Plaintiff
        22142 West Nine Mile Road
        Southfield, MI 48033
        (248) 353-2882
        Fax (248) 353-4840
        Email – gary@micreditlawyer.com

Dated: January 5, 2017